UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAYNE EARL LAFOUNTAIN,

        Plaintiff,

Case No. 1:10-cv-943

Hon. Robert J. Jonker

vs.

SHIRLEE HARRY, *et al.*,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

        This is a *pro se* civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. This matter is now before the court on defendants Shirlee Harry, Bonita Hoffner, Brett Barbier, William Cooley, Dan Hawkins, and Sharon Wells-Finos' motion for summary judgment (docket no. 57), plaintiff's "Motion for substitute service of subpoenas deuces [sic] tecum by way of the U.S. Marshal's [sic] Service" (docket no. 53), plaintiff's "Motion to defer summary judgement [sic] proceedings until discovery proceedings are completed" (docket no. 59), plaintiff's "Motion for amended case management order" (docket no. 63), and plaintiff's "Motion for leave to file enlarged brief" (docket no. 64).

        **I.**    **Background**

        This matter was dismissed on screening pursuant to 42 U.S.C. § 1997e(c). *See* Opinion (docket no. 5); Judgment (docket no. 6). The Sixth Circuit Court of Appeals reversed and remanded. *See LaFountain v. Harry*, 716 F.3d 944 (6th Cir. 2013). On remand, plaintiff amended his complaint (docket no. 17) and the Court ordered partial service, dismissing plaintiff's claims

against Defendant Carmen Palmer and his equal protection claim with prejudice. *See* Amended order for service (docket no. 18).

Plaintiff's amended complaint involves two counts. In Count I, plaintiff alleged that defendants Bonita Hoffner (Deputy Warden at Lakeland Correctional Facility (LCF)), Dan Hawkins (Assistant Deputy Warden at LCF) and William Cooley (third-shift Captain at LCF)[1] engaged in acts of retaliation in response to plaintiff's exercise of his First Amendment rights by: (1) violating "a prior settlement agreement;" (2) performing a retaliatory prison transfer; and (3) causing the destruction of his typewriter. Amend. Compl. (docket no. 17, PageID # 123).

In Count II, plaintiff alleged that defendants Shirlee Harry (Warden of the Muskegon Correctional Facility (MCF)), Sharon K. Wells-Finos (Assistant Deputy Warden of Housing at MCF), and Brett Barbier (Resident Unit Manager (RUM) at MCF) engaged in acts of retaliation for plaintiff's exercise of his First Amendment rights: (1) by violating a medical order to have plaintiff placed in a bottom bunk; (2) ordering plaintiff to be placed in a top bunk with a mentally ill prisoner "for the purpose of creating the circumstances leading to either an inmate to inmate altercation or for creating such duress upon plaintiff so as to set plaintiff up for the commission of prison misconduct"; (3) "in denying plaintiff's repeated request for being either transferred to any other prison or for being moved to a different cell, thereby entrapping plaintiff within the cell with the mentally ill prisoner, [] which resulted in sleep deprivation for plaintiff, constant threats and insults from the mentally ill prisoner"; (4) "in denying plaintiff's bond status after plaintiff had refused to cell with the mentally ill prisoner"; (5) in maintaining plaintiff within a temporary detention cell "in order to stack direct orders upon plaintiff"; and (6) "after plaintiff had named the mentally ill

---

[1] Plaintiff sometimes refers to defendant Cooley as "Unknown Cooley."

prisoner as an enemy, defendants then caused plaintiff to be transferred to another prisoner as a level IV security prisoner, thus, resulting in heightened security classification as well as a severe and atypical deprivation of prison privileges and freedoms." *Id.*

Plaintiff commenced discovery in this action by filing his motion for substitute service of subpoenas. *See* Motion for substitute service. This motion asked for a court order directing the Marshals Service to serve subpoenas to produce documents on defendants Hoffner and Harry, and non-party Michigan Department of Corrections (MDOC) Director Daniel Heyns pursuant to Fed. R. Civ. P. 45. *Id.* Approximately one month later, after defendants answered the amended complaint, the Court entered a Case Management Order (CMO) which set a discovery deadline of February 10, 2015. *See* CMO (docket no. 55). The Court, however, failed to rule on plaintiff's motion to authorize service of the three subpoenas prior to the close of discovery.

Defendants filed their present motion for summary judgment on February 24, 2015. Fed. R. Civ. P. 56(a) provides that the Court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Plaintiff did not file a response to defendants' motion. Rather, plaintiff filed a motion pursuant to Fed. R. Civ. P. 56(d) asking the Court to defer the summary judgment proceedings until discovery is completed. Defendants filed a response which did not address the merits of plaintiff's motion, but stated that his motion was filed outside of the February 24, 2015 deadline for filing pretrial motions. *See* MDOC Defendants' response (docket no. 61). Finally,

plaintiff filed an untimely motion for leave to file an enlarged brief (docket no. 64) and a motion to amend the CMO (docket no. 63).[2]

### II. Discussion

#### A. Plaintiff's request to defer consideration of defendants' motion for summary judgment

Plaintiff brought his motion to defer summary judgment proceedings pursuant to Fed. R. Civ. P. 56(d), which provides as follows:

> **(d) When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

Here, defendants seek summary judgment based upon the affidavits filed by defendants Hoffner, Cooley, Hawkins, Harry and Barbier.[3] Defendants Hoffner, Cooley, and Hawkins included affidavits stating that they have no knowledge of a written or verbal agreement arising from plaintiff's previous litigation with the MDOC. *See* Hoffner Aff. (docket no. 58-2, PageID# 251-52); Hawkins Aff. (docket no. 58-2, PageID # 249-50); Cooley Aff. (docket no. 58-2, PageID # 242-43). Defendant Harry's Affidavit does not specifically address her knowledge of the situation, other than to state that she typically delegates decisions concerning intra-facility housing, movement, and placement of prisoners to other MDOC staff members. *See* Harry Aff. (docket no.

---

[2] In his motion for leave to file an enlarged brief, plaintiff sought to file a 66-page response (docket nos. 64-6 at PageID # 473-504 and 64-7 at PageID # 505-38) accompanied by 185 pages of exhibits (docket nos. 64-1, 64-2, 64-3, 64-4 and 64-5).

[3] The Court notes that defendant Wells-Finos did not file an affidavit in support of the motion.

58-2, PageID # 244-45). In his affidavit, defendant Barbier contests plaintiff's claims regarding his housing at MCF and his refusal to return to general population. *See* Barbier Aff. (docket no. 58-2, PageID # 246-48). Finally, defendants provided a partially-redacted copy of a September 27, 2007 order transferring plaintiff from LCF to MCF. *See* Transfer Order (docket no. 58-3, PageID # 253-54).

In a 20-page declaration and brief in support of his motion, plaintiff outlined how the information requested in the three subpoenas related to his claims. *See* Plaintiff's Brief (docket no. 60). With respect to defendant Hoffner, plaintiff requested: (1) the cell assignment records for seven prisoners assigned to his unit in LCF between September 2006 and September 28, 2007; and (2) documents related to plaintiff's transfer to and from LCF. *See* Hoffner Subpoena (docket no. 53-1, PageID # 184-86). Plaintiff contends that these records provide a factual basis to support his claims that the LCF defendants violated a "settlement agreement" regarding prisoner placement and that he was the subject of a retaliatory transfer. Plaintiff's Brief (docket no. 60, PageID # 265-66). With respect to defendant Harry, plaintiff requested documents: (1) related to plaintiff's October 3, 2007 placement within MCF administrative segregation; (2) related to plaintiff's continued placement in segregation; and (3) the MCF administrative segregation records of two other prisoners (Scott Bradley and Jimmy Riley). *See* Harry Subpoena (docket no. 53-1, PageID # 187-89). Plaintiff contends that these records provide a factual basis to support his claims that the MCF defendants placed him in a segregation cell contrary to the MDOC's established policy directives. Plaintiff's Brief, PageID # 266-67. With respect to non-party MDOC Director Heyns, plaintiff requested documents: (1) related to prisoner transfer decisions related to the closing of the Riverside Correctional Facility (RCF) and re-transfer to the Michigan Reformatory (RMI); and, (2) related to

5

the re-opening of RMI in November 2007. *See* Heyns Subpoena (docket no. 53-1, PageID # 191-93). Plaintiff contends that these records provide a factual basis to support his claims that the MCF defendants, specifically defendant Harry, ordered plaintiff's transfer to RCF with the intent of having him placed within the Level 4 section of RMI. Plaintiff's Brief, PageID # 268-69.

The affidavit required by Fed. R. Civ. P. 56(d) must indicate to the district court the requesting party's need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information. *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000) (discussing Rule 56(f), predecessor to Rule 56(d)). A motion under Rule 56(d) may be properly denied where the requesting party makes only general and conclusory statements regarding the need for more discovery, does not show how an extension of time would have allowed relevant information to be discovered, or where the affidavit "lacks any details or specificity." *Ball v. Union Carbide Corp.*, 385 F.3d 713, 720 (6th Cir.2004) (internal quotation marks omitted). *See Cardinal v. Metrish*, 564 F.3d 794, 797-98 (6th Cir.2009) ("If the plaintiff makes only general and conclusory statements in his affidavit regarding the needed discovery, lacks any details or specificity, it is not an abuse of discretion for the district court to deny the request.").

Based on this record, plaintiff has met the requirements of Fed. R. Civ. P. 56(d). The documents requested in the subpoenas could provide a basis for plaintiff to contest the facts as set forth in defendants' affidavits. Plaintiff should have an opportunity to request the discovery set forth in the three subpoenas before responding to the motion for summary judgment. While plaintiff asks to stay the motion for summary judgment, the undersigned does not believe that this is advisable. It may take weeks, if not months, to resolve plaintiff's discovery requests. Any new documents produced may well result in defendants amending or supplementing their motion for summary

judgment. In addition, plaintiff should have an opportunity to respond to defendants' motion using any newly discovered documents. Given the scope of plaintiff's claims against the six defendants, it is in the interests of judicial economy to have a single, comprehensive, fully briefed motion for summary judgment before the Court. Accordingly, pursuant to Fed. R. Civ. P. 56(d), plaintiff's motion to defer summary judgment proceedings (docket no. 59) should be granted, and both defendants' motion for summary judgment (docket no. 57) and plaintiff's motion for leave to file an enlarged brief (docket no. 64) should be denied without prejudice.

### B. Plaintiff's motions for substitute service and for an amended CMO

As discussed, plaintiff seeks to have the United States Marshals Service serve the subpoenas pursuant to Fed. R. Civ. P. 45 on defendants Hoffner and Harry, and non-party MDOC Director Heyns. *See* Subpoenas (docket no. 53-1). Plaintiff was granted *in forma pauperis* (IFP) status pursuant to 28 U.S.C. § 1915. *See* Order (docket no 3). Because plaintiff has been granted IFP, the Marshals Service should serve his subpoenas. *See* 28 U.S.C. § 1915(d) ("[t]he officers of the court shall issue and serve all process, and perform all duties in such cases"). The statute, however, does not exempt plaintiff from all costs associated with discovery. While the Marshals Service shall issue and serve process, "a plaintiff in forma pauperis must pay witness and mileage fees himself." *Grace v. Hakala*, No. 1:11CV81 LMB, 2012 WL 2190902 at *6 (E.D. Mo. June 14, 2012). *See Smith v. Yarrow*, 78 Fed. Appx. 529, 544 (6th Cir. 2003) ("there is no constitutional or statutory requirement that the government or Defendant pay for an indigent prisoner's discovery efforts").

Finally, "[a] court . . . may exercise its discretion to screen such a subpoena request, relieving the Marshals Service of its duty when appropriate." *Brown v. Ross County*, No. 2:14-CV-333, 2014 WL 4284874 at *2 (S.D. Ohio Aug. 28, 2014) citing 9A C. Wright & A. Miller, *Federal Practice and Procedure* § 2454, p. 244-46 n. 21 (3d ed. 2010) (internal citations omitted). Here, the undersigned finds that plaintiff should be able to request the documents set forth in the subpoenas. This being said, there is no reason to direct the Marshals Service to serve subpoenas on defendants Hoffner and Harry, because plaintiff can serve document requests on them pursuant to Fed. R. Civ. P. 34. However, the Marshals Service should be directed to serve the subpoena addressed to non-party MDOC Director Heyns pursuant to Fed. R. Civ. P. 45. *See* Heyns Subpoena (docket no. 53-1, PageID # 191-94). Accordingly, plaintiff's motion for substitute service should be granted with respect to non-party Heyns and denied with respect to defendants Hoffner and Harry. Finally, plaintiff's motion to amend the CMO (docket no. 63) should granted so as to allow plaintiff an opportunity to serve the subpoena on non-party Heyns and to serve requests to produce on defendants Hoffner and Harry.

### III. Recommendation

For the reasons set forth above, I respectfully recommend that plaintiff's motion to defer summary judgment proceedings (docket no. 59) be **GRANTED** and that defendants' motion for summary judgment (docket no. 57) be **DENIED** without prejudice.

I further recommend that plaintiff's motion for leave to file an enlarged brief in response to defendants' motion for summary judgment (docket no. 64) be **DENIED**.

I further recommend that plaintiff's motion for substitute service (docket no. 53) be **GRANTED** as to the subpoena addressed to non-party MDOC Director Heyns and that the Clerk's

Office re-issue the subpoena and forward it to the United States Marshals Service for service under 28 U.S.C. § 1915(d).

I further recommend that plaintiff's motion for substitute service (docket no. 53) be **DENIED** as to the subpoenas addressed to defendants Hoffner and Harry, and that plaintiff be allowed to convert the subpoenas into requests to produce directed to defendants Hoffner and Harry.

I further recommend that plaintiff's motion for an amended case management order (docket no. 63) be **GRANTED** and that the undersigned be directed to prepare an amended case management order consistent with the Court's ruling on this Report and Recommendation.


Dated:  September 2, 2015            /s/ Ray Kent
                                     RAY KENT
                                     United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).