UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAYNE LAFOUNTAIN,

    Plaintiff,

CASE NO. 1:10-cv-943

v.

HON. ROBERT J. JONKER

SHIRLEE HARRY, *et al.*,

    Defendant.
_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' (ECF No. 96) and Plaintiff's (ECF No. 95) Objections to Magistrate Judge Kent's Report and Recommendation (ECF No. 94). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of an Order, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; Defendant's objections; and Plaintiff's objections. After its

review, the Court adopts the Magistrate Judge's recommendations and overrules the parties' objections.

Defendants Hawkins and Hoffner moved for summary judgment on Plaintiff's claim that he was retaliatorily transferred in violation of a settlement agreement. The Magistrate Judge recommends granting summary judgment to Hawkins because he was not personally involved in any transfer decision. Plaintiff objects, but does not assert any personal involvement by Hawkins. Instead, Plaintiff relies on a theory already rejected by this Court and the Court of Appeals. The Magistrate Judge recommends denying summary judgment as to Defendant Hoffner because Defendant has done nothing to develop the factual record to undercut Plaintiff's basic claim of a retaliatory transfer in violation of the settlement agreement. Instead, Defendant relies on the general theory that a prison transfer is not ordinarily enough to amount to adverse action, which is true enough but beside the point given the record of this case, including the Court's ruling. Accordingly, the Court overrules both Plaintiff and Defendant's objections.

Defendant Harry also moved for summary judgment based on lack of personal involvement in Plaintiff's allegedly retaliatory cell assignment. The Magistrate Judge recommends denying the motion because sufficient evidence of personal involvement exists. Defendant objects, but the Court agrees there is sufficient factual support to permit a finding of personal involvement. The Magistrate Judge relied only on Plaintiff's written communications to Defendant Harry. The Court would not rest on this alone since it would allow any prisoner to create a fact issue simply by writing the warden. But here Plaintiff also swears that a guard told him Defendant Harry made the cell assignment decision. A fact finder could accept this as non-hearsay party admission.

Under Rule 801(d)(2)(D), a "sufficient foundation to support introduction of vicarious admissions . . . requires only that a party establish (1) the existence of an agency relationship, (2) that the statement was made during the course of the relationship, and (3) that it relates to a matter within the scope of the agency."*Pappas v. Middle Earth Condo. Ass'n*, 963 F.2d 534, 537 (2d Cir. 1992). In *Lipton v. County of Orange, NY*, the Southern District of New York held that correctional officers' statements that a jail administrator had expressed improper motive for transferring a pretrial detainee were admissible against the jail administrator to establish retaliatory intent on motion for summary judgment on the plaintiff's First Amendment retaliation claim. 449 F. Supp. 2d 434, 449 (S.D.N.Y. 2004). The court held that the statements were admissions made by agents of the defendant prison officer, because they related to the agents' duties in executing the transfer order notwithstanding the fact that the agents were low-level employees. *Id.* Similarly, here Plaintiff's allegations that Officer Wood told him that Defendant Harry would not allow Plaintiff to come out of segregation unless he was celled with a mentally ill prisoner are admissible against Defendant Harry. Plaintiff has alleged that these statements were made by Officer Wood, an agent of Defendant Harry, while he was acting under her orders, and that the statements related to Wood's duties in executing a transfer order.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 94) is adopted as modified by this Order, and the objections of both Plaintiff and Defendants are overruled.

**IT IS FURTHER ORDERED** that Defendants Harry and Hoffner's Motions for Summary Judgment (ECF No. 77) are **DENIED**; and that Defendant Hawkins' Motion for Summary Judgment is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Cooley's Motion for Summary Judgment (ECF No. 77) is **GRANTED** as the Magistrate Judge recommended with no objections from any party.

The case will proceed with the First Amendment retaliation claims against Defendants Harry, Hoffner, Wells-Finos, and Barbier.

Dated:     November 21, 2016            /s/ Robert J. Jonker
                                         ROBERT J. JONKER
                                         CHIEF UNITED STATES DISTRICT JUDGE